UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTERFIELD EXCHANGE, LLC,

        Plaintiff,

v.                                                  Case Number 07-12254
                                                    Honorable David M. Lawson

SPORTSMAN'S WAREHOUSE, INC.,

        Defendant,

v.

DEVELOPERS DIVERSIFIED REALTY CORP.,

        Third-party defendant,

_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL

On May 15, 2008, this Court entered an order denying the joint motion for leave to file certain documents under seal. The Court denied the motion because of the strong presumption that court documents ought to be part of the public record, *see E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1906); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"), and the parties failed to provide sufficient information to overcome the presumption.

The defendant has now filed a motion to reconsider that order, furnishing additional information that characterizes the nature of the documents the defendant wants to keep secret. As a general rule, motions for reconsideration are not granted unless the moving party shows (1) a

"palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3). However, this rule is not a limitation on the Court's discretion to grant such motions in appropriate circumstances even in the absence of a showing of a palpable defect. *Ibid.* (stating that the rule does not "restrict[] the court's discretion").

The defendant has shown no palpable defect in the Court's prior order. However, the defendant has described the contents of the documents sought to be sealed as items in the nature of trade secrets. Michigan law recognizes a policy that favors the protection of economic information that "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and which the business seeks to protect through the exercise of diligence. *See* Mich. Comp. Laws § 445.1902(d); *see also Hayes-Albian v. Kuberski*, 421 Mich. 170, 182, 364 N.W.2d 609, 614 (1984); *Kubik, Inc. v. Hull*, 56 Mich. App. 335, 347, 224 N.W.2d 80, 87 (1974). Such data does not "encompass information which is readily ascertainable, i.e., capable of being acquired by competitors or the general public without undue difficulty or hardship." *Kubik, Inc.*, 56 Mich. App. at 348, 224 N.W.2d at 87.

Based on the information now furnished by the defendant, the Court is persuaded that the defendant's documents that set forth the internal projections of its revenue (Bates numbers

SWI2450-2459), its monthly reports for February and March 2007 (Bates numbers SWI2499-2503), and the deposition transcript pages of witness testimony that discuss these projections and reports (Utgaard dep. (12-5-07) at 23, 32, 62-64, 66-67, 70, 86-93, 98, 117-119, 122-129, 154-157, 186-189, 198-201 and 245-246; Utgaard dep. (4-21-08) at 54-57, 118-121; Page dep. at 30-53, 59, 74-81)) may be filed under seal. However, the Court is not convinced that the executed leases for the stores in Pennsylvania, Utah, and California, which presumably have been made with third parties who are strangers to the present lawsuit, are sufficiently confidential so as to overcome the "strong presumption that court files will be open to the public." *Smith v. SEC*, 129 F.3d 356, 359 n.1 (6th Cir. 1997). As to these items, the defendant has not shown that its "party's interest in privacy . . . outweigh[s] the public interest in disclosure." *Ibid.*

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration of the order denying the motion for leave to file certain documents under seal [dkt. #54] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the defendant may file under the exhibits consisting of its internal projections of its revenue, which it has identified as Bates numbers SWI2450-2459; its monthly reports for February and March 2007, which it has identified as Bates numbers SWI2499-2503, and the deposition transcript pages of witness testimony that discuss these projections and reports, which it has identified as the Utgaard dep. (12-5-07) at 23, 32, 62-64, 66-67, 70, 86-93, 98, 117-119, 122-129, 154-157, 186-189, 198-201 and 245-246; the Utgaard dep. (4-21-08) at 54-57, 118-121; and the Page dep. at 30-53, 59, 74-81. Such filings must comply with E.D. Mich LR 5.3. This order does not permit any other documents to be filed under seal.

s/David M. Lawson

<pre>                              DAVID M. LAWSON
                              United States District Judge
</pre>

Dated: June 20, 2008
> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 20, 2008.
>
>                        s/Felicia M. Moses
>                        FELICIA M. MOSES